**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 3, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

EDWARD C. HERLIK,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No. 08-1126
(D.C. No. 07-CV-00658-WDM-KMT)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

Lieutenant Colonel Edward C. Herlik, a United States Air Force Reserve

Officer, filed a *pro se* complaint in the District Court of Colorado alleging that a

superior military officer in his chain of command, Brigadier General Elaine L.

Knight, committed libel by issuing him a reprimand letter. Brig. Gen. Knight

removed the case to federal court pursuant to 28 U.S.C. § 2679(d)(2), and

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

thereafter successfully moved to substitute the United States as the defendant pursuant to 28 U.S.C. § 2679(b)(1).[1]

The district court construed Lt. Col. Herlik's claim as arising under the Federal Tort Claims Act ("FTCA"), which provides the exclusive remedy for a tort action against a federal government employee acting within the scope of his or her employment. *See* 28 U.S.C. §§ 1346(b), 2679(b)(1). Having so construed his complaint, in a thorough and thoughtful thirteen page opinion, the district court proceeded to dismiss Lt. Col. Herlik's claims on three grounds: (1) Lt. Col. Herlik's challenge to military disciplinary proceedings is barred by *Feres v. United States*, 340 U.S. 135 (1950); (2) Lt. Col. Herlik failed to exhaust administrative remedies available to him as required by the FTCA; and (3) the FTCA expressly excludes cases "arising out of ... libel [or] slander" from its waiver of sovereign immunity, 28 U.S.C. § 2680(h).

---

[1] This section provides that a suit against the United States is the exclusive remedy for claims resulting from "negligent or wrongful act[s] or omission[s] of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Lt. Col. Herlik vigorously denies that Brig. Gen. Knight was acting within the scope of her employment when issuing the reprimand letter. The district court noted this objection but deemed it not properly before the court insofar as Lt. Col. Herlik did not timely object to the magistrate judge's finding on this issue. We discern no error in the district court's refusal to consider the objection, and only further note that there appears to be a firm basis for the magistrate's finding.

Affording Lt. Col. Herlik's *pro se* filings the degree of leeway they are due, *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007), and after carefully reviewing the record and the parties' various filings on appeal, we discern no error in the district court's decision. Therefore, for substantially the same reasons set forth in the district court's opinion, we affirm.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge